# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD TURNER,  )
             )
       Plaintiff,  )
             )
vs.          )  Case No. 18−cv−0520−JPG
             )
CRAMMER,     )
COLE,        )
COOK,        )
PHILIPS,     )
ROSS,        )
HAWKINS, and )
SNYDER       )
             )
       Defendants.  )
             )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Richard Turner, an inmate in Alton Law Enforcement Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests nominal and punitive damages, as well as "this facility shut down as a permanent housing facility." This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune
from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Plaintiff originally filed suit with several co-plaintiffs on October 10, 2017. (Doc. 1, p. 1). The Court entered a *Boriboune* Order warning plaintiffs of the risks of multi-party litigation, and as a result, several plaintiffs dropped out of the suit. *Id*. The Court then screened the Complaint on January 10, 2018 and found that some claims failed to state a claim upon which relief could be granted, and a fourth claim was legally frivolous. (Doc. 1, p. 2). The Court directed the plaintiffs to file an Amended Complaint no later than February 8, 2018 on Counts 1-3. *Id*. Instead of filing a joint amended complaint, plaintiffs filed individual amended complaints. *Id*. On this basis, and because plaintiffs' claims did not appear to arise out of the same transaction or occurrence pursuant to Fed. R. Civ. P. 20, the Court severed that action and placed each plaintiff in his own suit. (Doc. 1). This matter is now before the Court to screen the

Complaint[1] filed by Richard Turner on February 8, 2018, and severed into this action on March 1, 2018. (Doc. 2).

Plaintiff alleges that his rights are violated when shower and cell cleaning time is included in his hour of daily recreation. (Doc. 2, p. 7). Plaintiff also lacks proper cleaning supplies. *Id*. The shower is not properly maintained. *Id*. The inmates lack access to a law library per Crammer. *Id*.

Plaintiff's cell doesn't have any heat because of Cook and Crammer. (Doc. 2, pp. 7, 18). Plaintiff's grievance alleges that he has to stay covered up because of the cold. (Doc. 2, pp. 18-21).

Plaintiff's rights were violated by Philips on November 22, 2017. (Doc. 2, p. 8). Plaintiff's grievance on this issue shows that he wasn't allowed to use nail clippers. (Doc. 2, p. 15).

Plaintiff's rights were violated by Cook on November 2, 2017, and also on January 9, 2018, and January 10, 2018 because she cut into inmate's recreation time. (Doc. 2, pp. 8, 13). A response to the grievance regarding the November 2 incident describes it as a denial of recreation suggests that the inmates were denied recreation because maintenance had painted the shower and it needed a full day to dry. (Doc. 2, p. 14).

Crammer violated Plaintiff's rights on January 9, 2018, January 10, 2018, January 12, 2019, and between December 1, 2017 and January 17, 2018. (Doc. 2, pp. 8, 22-25). The

---

[1] There has been only one Complaint in this case, No. 18-cv-520-JPG, and so the Court will call that document the "Complaint." However, the Court screened a complaint signed by Plaintiff in the companion case of 17-cv-1085-JPG, raising similar claims. The Court therefore considers Plaintiff to have exercised his right to amend once as a matter of course pursuant to Fed. R. Civ. P. 15, even though the Court will not use the term "Amended Complaint."

grievances referenced on these dates describe the allegedly deficient conditions of confinement. (Doc. 2, pp. 22-25).

Plaintiff alleges that Cook shorted his recreation time in September 2017 when he told her that she was shorting him on time. (Doc. 2, p. 8). Cook also violates Plaintiff's rights when she stamps his grievances "non-grievable." *Id*.

Ross, Cook, and Crammer provide inadequate nutrition; Plaintiff does not get fresh fruit and the portions are small. *Id*. Grievances attached to the Complaint show that Plaintiff complained about the Kool-Aid not having enough sugar in it, and that a pot-pie or a bologna sandwich was not enough food for a 200-pound man. (Doc. 2, pp. 10-12). Ross violated Plaintiff's rights on May 21, 2017 when he failed to serve sugared Kool-Aid or provide Plaintiff with more than a pot pie or bologna sandwich. (Doc. 2, pp. 8, 10-12).

On January 28, 2018, Officers Ross and Philips handcuffed Plaintiff behind his back, escorted him up front, and then handcuffed him to a pole for a family visit. (Doc. 2, p. 4). Plaintiff felt the guards had wronged him, and told them so. *Id*. They responded, "Welcome to Alton City Jail Super Max." *Id*.

Another grievance shows that Plaintiff complained about Philips when Philips escorted him for a family visit on November 18, 2017. (Doc. 2, p. 16). Plaintiff thought his visit was scheduled for the following day and told Phillips so. *Id*. Plaintiff's sister failed to show up on November 18, but did come to the jail November 19, 2017. (Doc. 2, pp. 16-17). Plaintiff was not permitted to see her due to the date mix-up. (Doc. 1, p. 17).

## Discussion

In the original action, the Court dismissed 3 claims without prejudice with leave to amend for failure to state a claim. Some of Plaintiff's allegations track the original 3 claims,

although he has also included additional allegations. Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 6 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. None of Plaintiff's claims survive threshold review:

>**Count 1** – Ross, Philips, Cook, Hawkins, Cole, Snyder, and Crammer subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth and/or Fourteenth Amendment when they confined Plaintiff to his cell for 23 hours per day, allowed cold air to blow into the cell, failed to properly clean the showers, deprived him of nail clippers, and made Plaintiff shower during his recreation time;
>
>**Count 2** – Ross, Cook, and Crammer violated Plaintiff's Eighth and/or Fourteenth Amendment right when they provided him with inadequate nutrition;
>
>**Count 3** – Crammer denied Plaintiff access to the courts by failing to provide an adequate law library in violation of the First Amendment;
>
>**Count 4** – Ross and Philips violated Plaintiff's rights on January 28, 2018 when they handcuffed him behind his back for a visit;
>
>**Count 5** – Philips violated Plaintiff's rights on November 18, 2017 when he mixed-up the dates of Plaintiff's sister's visit, thus depriving Plaintiff of the visit;
>
>**Count 6** – Cook has denied Plaintiff access to the grievance system in violation of the Fourteenth Amendment by stamping Plaintiff's grievances, "non-grievable."

Plaintiff has affirmatively stated that he is a pre-trial detainee. The Due Process clause of the Fourteenth Amendment prohibits punishment of persons who have not yet been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 536, n. 16 (1979); *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988). As Plaintiff was a pre-trial detainee, the analysis proceeds under the Fourteenth Amendment, although the Seventh Circuit has noted that conditions of confinement claims under the Fourteenth Amendment have "little practical difference" from claims brought pursuant to the Eighth Amendment. *Smith*, 803 F.3d at 310. Claims brought pursuant to the Fourteenth Amendment may be analyzed under Eighth Amendment standards. *Id*. (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he

protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."); *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005) ("[T]he standards applicable to complaints by convicts and by pretrial detainees about unsafe conditions of confinement merge.")) (other citations omitted).

Plaintiff has not stated a viable claim in the Complaint. In **Count 1**, Plaintiff alleges that he is being subjected to unconstitutional conditions of confinement, but the Complaint does not allege that Plaintiff personally has suffered any harm as a result of these conditions. As the Court noted in its prior Order, § 1983 is a tort statute, and a plaintiff must allege a harm in order to state a claim. *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016) ("[Plaintiff] must also show that he suffered some cognizable harm from the overall lack of a sanitary environment, and that the Warden's deliberate indifference caused that harm."); *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). Without an allegation of harm, **Count 1** fails.

Moreover, many of the claims in **Count 1** lack merit regardless. Plaintiff alleges that he only gets 7 hours of recreation time a week (1 per day) and that he has to choose between recreation, showers, and cleaning, but no case states that 7 hours of recreation violates the Constitution or that Plaintiff is entitled to daily showers. *Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017) (finding that inmate limited to 1 hour of exercise per day and 3 showers per week who experienced feelings of anger, frustration, and helplessness had failed to prove those conditions placed him at risk of harm); *Davenport v. DeRobertis*, 844 F.2d 1310, 1315 (7th Cir. 1988) (stating that the floor on out of cell exercise *may* be 5 hours) (emphasis added); *Hardyway v. Meyerhoff*, 734 F.3d 740, 744-45 (7th Cir. 2013) (no atypical and significant hardship violating the Fourteenth Amendment's Due Process Clause where access to showers was only weekly).

Plaintiff has also not alleged that he was deprived of any and all opportunities to exercise in his cell. *Smith*, 803 F.3d at 313 (allegation that detainee could not go outside to exercise insufficiently serious constitutional deprivation where plaintiff failed to allege that his movements are so restricted so as to prohibit exercise in his cell).

Plaintiff's assertion that cold air blows on him is also too thin to support a claim. To assess whether cold cell temperatures constitute punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997); *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in sub-freezing temperatures could constitute Eighth Amendment violation). Plaintiff has not alleged that he was subjected to "extreme" cold. He has only alleged that he felt cold as a result of the blown air system at the jail. Moreover, his grievances indicate that an alternative means of keeping warm was available—covering up—and that Plaintiff availed himself of that method. Even if Plaintiff had adequately pleaded harm, his conditions of confinement allegations would still be dismissed for failure to state a claim.

As to **Count 2**, an allegation of inadequate nutrition can state a constitutional claim. *Smith*, 803 F.3d at 312. However, in order for a jail official to be held liable for a violation of the Fourteenth Amendment, he or she must have a sufficiently culpable state of mind. *Id*. at 309. Plaintiff alleges that he complained about inadequate nutrition to the defendants. But the grievances attached to the Complaint do not use that term or address nutritional deficiencies.

Nor do they complain about the lack of fresh fruit. Rather, they are concerned with 2 issues: 1) the lack of sugar in the Kool-Aid; 2) portion size. Sugar is not a nutritional requirement, and so Plaintiff's grievance on the Kool-Aid did not put any Defendant on notice of an inadequate nutrition issue. Likewise, Plaintiff's grievances also state that the jail's portions are inadequate for a man of his size (200 pounds). However, Plaintiff's Complaint does not allege that he lost weight as a result of the portion size, nor do his grievances make that claim. Plaintiff has also not alleged that 200 pounds is an unhealthy weight for man of his size. Thus there is nothing in the Complaint that indicates that any of the Defendants were on notice that Plaintiff was at risk of serious harm, so as to have the requisite mental state for a constitutional claim. Plaintiff has also not alleged that he suffered any harm from drinking sugar-free Kool-Aid or eating small portions, thus dooming his claim. For the above reasons, **Count 2** will be dismissed.

Plaintiff claims that he is being denied access to the courts in **Count 3**. But in order to state an access to courts claim, Plaintiff must allege a detriment. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials interfered with his legal materials. *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citing *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.

Here, Plaintiff's Complaint has generally alleged that he is being denied access to the courts. His grievances are slightly more specific; they allege that there is no law library at the

jail and that "my plea agreement and P.S.I. on my case will reflect." [sic] (Doc. 2, p. 22). Plaintiff's criminal matter proceeded in this Court, No. 17-cv-30029-DRH-1. He was represented by the Federal Public Defenders' Office throughout the proceedings. Persons represented by counsel are not entitled to law library access. The appointment of counsel is considered adequate access to the courts. *See Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (finding that an offer to appoint counsel in a criminal cases satisfies a state's obligation to provide legal assistance and that a prisoner had no right to demand law library access in the alternative). *United States v. Byrd*, 208 F.3d 592, 593-94 (7th Cir. 2000) ("The rule is that [a litigant] has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like the access to a law library, do not spring up" even in circumstances where counsel acts like a "potted plant."). Plaintiff's allegations that he has been denied access to the law library continue to fail to allege any detriment or harm, and accordingly, **Count 3** fails to state a claim on which relief can be granted.

In **Count 4**, Plaintiff has alleged that he was "wronged" when Philips and Ross handcuffed him behind his back, but beyond that, it is not clear which constitutional provision Plaintiff invokes. No cases suggest that a pre-trial detainee cannot be handcuffed generally, and Plaintiff has not alleged that Philips and Ross handcuffed him for an improper reason. He has also not alleged that he was harmed by this incident. As Plaintiff has not alleged harm, this Count shall be dismissed for failure to state a claim.

Plaintiff has alleged that he missed a visit with his sister on November 18, 2017 in **Count 5**. This claim has several problems. First of all, Plaintiff has no right to unlimited visits with his sister. *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978). Moreover, the deprivation of a single visit because it wasn't scheduled is not a constitutional violation. *Martin v. Tyson*, 845

F.2d 1451, 1455 (7th Cir. 1988) (upholding grant of summary judgment where the plaintiff's mother was denied the opportunity to visit with him because she arrived on a day when no visits were scheduled). Secondly, Plaintiff has not alleged that Philips had the requisite state of mind to violate Plaintiff's rights. Plaintiff has not alleged that Philips knew that the visitation schedule was wrong and deliberately acted to deprive him of his visit. Finally, Plaintiff has not adequately alleged that he was harmed. Plaintiff's grievance requests an additional 30 minutes with his sister at her next visit. While the jail did not grant Plaintiff's request, as he has no constitutional right in a specific amount of visiting time, he cannot recover for the lost 30 minute visit.

Finally, in **Count 6**, Plaintiff has alleged that his rights were violated because many or most of his grievances were returned, marked as "non-grievable." However, Plaintiff has no due process interest in the grievance process. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). **Count 6** thus asserts a legally frivolous theory, and so must be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED with prejudice** because Plaintiff has failed to correct the deficiencies of his prior complaint in case 17-cv-1085-JPG and properly allege that he was harmed, and because Plaintiff has otherwise failed to state a claim or asserted legally frivolous claims. This shall count as a "strike" for the purposes of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the

$505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**
**DATED: June 11, 2018**

s/J. Phil Gilbert
**U.S. District Judge**
